**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5010**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HECTOR MORENO-PARADA, a/k/a Rogelio Camas-
Pineda, a/k/a Arturo Melandes-Pena,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   James A. Beaty, Jr., Chief
District Judge.   (1:06-cr-00059-JAB)

_____

Submitted:  May 30, 2007              Decided:  July 6, 2007

_____

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Winston-Salem, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney, Angela
Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Moreno-Parada appeals from his conviction and ninety-six month sentence after pleading guilty to illegal reentry into the United States after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Moreno-Parada's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issue of whether Moreno-Parada's sentence was reasonable. Moreno-Parada was given an opportunity to file a supplemental pro se brief, but has not done so.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate guidelines range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guidelines range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. Davenport, 445 F.3d at 370. This court will affirm a post-Booker sentence if it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47. A sentence within the properly calculated advisory guidelines range is presumptively reasonable.

<u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

At sentencing, Moreno-Parada failed to object to the calculation of the guidelines range as set forth in the presentence report. The district court imposed a sentence of ninety-six months' imprisonment, which was within the advisory guidelines range of seventy-seven to ninety-six months and well below the statutory maximum of twenty years' incarceration. Accordingly, the sentence is presumptively reasonable. <u>See</u> <u>Green</u>, 436 F.3d at 457. The district court correctly calculated the advisory guidelines range and properly noted that it had considered the relevant factors under the guidelines and 18 U.S.C.A. § 3553(a). Moreno-Parada has made no showing that the sentence is procedurally or substantively unreasonable. Therefore, we find that the sentence imposed by the district court is reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Moreno-Parada's conviction and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

- 3 -

was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED